George L. DE LA FLOR and Susanne De La Flor, his wife, and as the natural parents and guardians of Tristan Alexander De La Flor, a minor, and Andres Jorge Luis De La Flor, Plaintiffs,

v.

The RITZ–CARLTON HOTEL COMPANY, L.L.C, The Ritz–Carlton Management Company, L.L.C, Marriott International, Inc., and Dilido Beach Hotel Corporation, a Florida corporation, Defendants.

No. 12–23689–CIV.

United States District Court, S.D. Florida.

March 1, 2013.

David Lee Deehl, Miami, FL, for Plaintiffs.

Carlos Javier Chardon, Jerry Dean Hamilton, Hamilton, Miller & Birthisel, LLP, David Lee Deehl, Miami, FL, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

PAUL C. HUCK, District Judge.

THIS MATTER is before the Court upon The Ritz–Carlton Hotel Company L.L.C. ("Ritz–Carlton Company"), The **Ritz–Carlton Management Company, L.L.C.** ("Ritz–Carlton Management"), Marriott International, Inc. ("Marriott"), and Dilido Beach Hotel Corporation ("Dilido" and collectively with the other defendants, "Defendants[']") Motion to Dismiss. The Court has reviewed the parties' submissions, the relevant legal authorities, and is otherwise duly advised. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiffs George L. De La Flor and Susanne De La Flor, individually, and as guardians of Tristan Alexander De La Flor and Andres Jorge Luis De La Flor ("Plaintiffs") bring this lawsuit alleging a cause of action for negligence against Defendants. Plaintiffs' claim arises out of a medical emergency that occurred while George L. De La Flor was a guest at the Ritz–Carlton South Beach Hotel ("Ritz–Carlton South Beach"). According to the Complaint, Mr. De La Flor suffered a cardiopulmonary arrest while he was exercising in the Ritz–Carlton South Beach fitness facility, which Plaintiffs allege was held out as "state-of-the-art." Immediately after Mr. De La Flor collapsed, a surgeon who was also exercising in the facility went to his aid and began performing cardiopulmonary resuscitation ("CPR"). Plaintiffs further allege that a boy who was at the scene called 911 and that the surgeon asked the boy to search for an external defibrillator machine ("AED"). The Ritz–Carlton South Beach allegedly had an AED at the property, but it was not located in the fitness center, and the boy who was searching for it was not able to find it. Mr. De La Flor survived but allegedly suffers serious and permanent injuries, including permanent brain damage and disability.

Plaintiffs' negligence claim is based on several allegations, which arise primarily out of the Defendants' alleged failure to maintain an AED in the fitness facility and failure to provide an AED after Mr. De La Flor suffered the cardiopulmonary arrest. Specifically, Plaintiffs claim that Defendants were negligent by 1.) failing to place an AED in the fitness facility; 2.) failing to bring an AED to aid Mr. De La Flor even though the hotel had an AED on site; 3.) failing to contact 911 so that the boy who was present (who did call 911) could have searched for the AED; 4.) failing to train employees to deploy an AED and call 911 in the event of a medical emergency; and 5.) failing to quickly escort paramedics to aid Mr. De La Flor once they arrived.

Defendants move to dismiss the Complaint and first argue that Ritz–Carlton Hotel Company was the only Defendant in a special relationship with Mr. De La Flor necessary to give rise to a duty of care. As a basis for this argument, they point to the Court's denial of Plaintiff's previous Motion to Remand based on the fraudulent joinder doctrine. Defendants next argue that Defendants did not owe a duty to maintain or deploy an AED and had no duty to escort paramedics to assist Mr. De La Flor because by the time paramedics arrived, he was being assisted by the surgeon.

### II. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules

**1328**

of Civil Procedure, all factual allegations in the complaint are considered true and are construed in the light most favorable to the plaintiff. *See Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir.2010). Under Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[T]he statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must, however, present "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal," *Bell v. J.B. Hunt Transp., Inc.,* 427 Fed.Appx. 705, 707 (11th Cir.2011) (per curiam) (citing *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1263 (11th Cir. 2004)).

## III. DISCUSSION

### a. Ritz–Carlton Management, Marriott, and Dilidos' Status in the Case

Defendants' First argument in favor of dismissal of Ritz–Carlton Management and Dilido is based on the Court's decision to deny Plaintiffs' Motion to Remand. A brief discussion of the procedural history of this case is warranted. Plaintiffs, who are California residents, originally filed this lawsuit in Florida state court. Defen-

dants removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs then filed a Motion to Remand and argued that removal was improper because Ritz–Carlton Management and Dilido are Florida residents. Defendants responded by asserting that removal was appropriate because Ritz–Carlton Management and Dilido were fraudulently joined in an attempt to defeat Defendants' right to remove the case.

■ Diversity jurisdiction requires that the amount in controversy be in excess of $75,000 and parties on both sides of the "V" be residents of different states. *See* 28 U.S.C. §§ 1332(a), § 1441(a). The "forum-defendant rule"[1] also requires that when removal is based on diversity jurisdiction, no defendant be a resident of the state where the lawsuit was filed. *See id.* § 1441(b) (providing that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the . . . defendants [are] citizen[s] of the State in which such action is brought"). However, the fraudulent joinder doctrine is an exception to the requirement of complete diversity and the forum defendant rule and applies when "there is no possibility that the plaintiff can establish a cause of action against a resident defendant." *See Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir.2011).

■ In their Notice of Removal, Defendants proffered affidavits establishing that Ritz–Carlton Management and Dilido could not be liable under Plaintiffs' theories of liability because they did not operate the Ritz–Carlton South Beach. Based on this evidence, the Court applied the fraudulent joinder doctrine and denied

---

**1.** The term "forum-defendant rule" is commonly used to describe § 1441(b)'s rule proscribing removal when a defendant is a resi-

dent of the state where the lawsuit is filed. *See, e.g., Johnson v. Wellborn,* 418 Fed.Appx. 809, 814 n. 5 (11th Cir.2011).

Plaintiffs' Motion to Remand. Defendants now correctly argue that because the Court previously found that Ritz–Carlton Management and Dilido could not be liable, they should be dismissed. *See Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir.2007) (explaining that when a motion to remand is denied based on the fraudulent joinder doctrine, the defendants fraudulently joined should be dismissed).

Defendants also contend that Marriott should be dismissed for the same reason. But the Court did not consider this issue when ruling on Plaintiffs Motion to Remand. Because this issue is now before the Court upon a motion to dismiss, rather than a motion to remand, the Court is limited to considering only the allegations in Plaintiffs' Complaint. *See Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir.2000) ("When considering a motion to dismiss, all facts set forth in the plaintiffs complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" (quoting *GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993))). The Complaint states that Marriott operated and controlled the Ritz–Carlton South Beach, and these allegations, taken as true, give rise to an inference of liability. Accordingly, Marriott should not be dismissed on these grounds,

 b.  Defendants' Argument that Plaintiffs have Failed to State a Claim Upon Which Relief Can Be Granted

■ Defendants further argue that Plaintiffs' allegations fail to support their negligence claim. As discussed above, Plaintiffs claim that Defendants acted negligently when they allegedly failed to maintain an AED in the fitness facility, failed to deploy an AED once Mr. De La Flor suffered the cardiopulmonary arrest, failed to call 911 so that the boy who did call 911 would be able to search for an AED, failed to train employees properly, and failed to

escort paramedics to the scene quickly. To prevail on a negligence claim, a plaintiff must show: "(1) that the defendant owed a duty of reasonable care to the plaintiff; (2) that the defendant breached that duty; (3) that the breach was the proximate cause of the injury to the plaintiff; and (4) that the plaintiff suffered damages." *Hasenfus v. Secord,* 962 F.2d 1556, 1559–60 (11th Cir. 1992).

■ Whether Plaintiffs' allegations support a cause of action for negligence turns on what duty Defendants, as operators of the Ritz–Carlton South Beach, had to render aid to Mr. De La Flor. The general rule, of course, is that there is no duty to render aid to one who is in peril, even if it would be easy to provide assistance. *See* Restatement (Second) of Torts § 314 (1965) [hereinafter Restatement] ("The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action."). But an exception applies when a "special relationship" exists, such as here, where Mr. De La Flor was a hotel guest. A hotel operator owes a duty to "render aid to [a guest] after he knows or has reason to know the [guest] is ill or injured." *See L.A. Fitness Int'l, LLC v. Mayer,* 980 So.2d 550, 557 (Fla. 4th DCA 2008) (citing Restatement § 314A). Still, this duty to provide aid is limited. For instance, there is no duty to render aid once an injured guest "is in the hands of apparently competent persons who have taken charge of him, or whose friends are present and apparently in a position to give him necessary assistance." *Id.* (quoting Restatement § 314A, cmt. f).

Plaintiffs' allegations of negligence are primarily based on claims that Defendants failed to properly maintain or provide an AED. As to these theories of liability, the *L.A. Fitness* case is instructive. In *L.A.*

*Fitness,* an individual exercising on a step-machine in a gym fell to the floor and called out for help. *Id.* at 552. An employee of the gym heard the cry for help and told the receptionist to call 911 and then ran to the back of the gym where he found the injured patron laying on the floor. *Id.* The employee, believing the individual may have suffered a seizure or stroke, chose not to perform CPR. *Id.* The injured individual eventually died, and his estate sued the gym alleging that the gym was negligent for not providing CPR and not having an AED on site. *Id.* at 556, 561. In a detailed analysis, the court considered the parameters of a business owner's duty when a patron of the business suffers a medical emergency. The court first explained that the only duty owed is to provide "first aid," which is a duty that "does not encompass . . . skilled treatment, such as CPR." *Id.* at 559 (citing Restatement § 314A, cmt. f). The court then explained that "[t]here is no common law or statutory duty that [requires] a business have an AED on its premises." *Id.* at 561–62.

■ Turning to Plaintiffs' allegations, they first claim that Defendants had a duty to maintain an AED in the fitness facility, but this claim was unquestionably foreclosed by the *L.A. Fitness* case; under Florida law, no such duty exists. *Id.* at 561–62. Likewise, Plaintiffs' similar claim that Defendants should have brought the AED that was allegedly on the property to the fitness center after Mr. De La Flor suffered a cardiopulmonary arrest also fails. On this point, Plaintiffs attempt to distinguish *L.A. Fitness* by arguing that Defendants created a duty to provide an AED when a medical emergency occurs because Defendants allegedly kept an AED somewhere on the property. But this argument has been expressly rejected. *See Limones v. Sch. Dist. of Lee County,* 111 So.3d 901, 906–07 (Fla.2d DCA 2013) (finding school district had no duty to use

an AED despite fact that the school district acquired an AED and trained employees to use it).

■ Plaintiffs also allege that **the** Ritz–Carlton South Beach billed its fitness facility as "state-of-the-art," which they argue is relevant to determine the scope of the duty owed as it relates to providing and maintaining an AED. However, the reasoning of *L.A. Fitness* demonstrates that this fact makes no difference—the court explained that businesses have no duty to have an AED on site, and this rule was not qualified to exclude businesses that hold themselves out as state-of-the-art or somehow more advanced, *See L.A. Fitness,* 980 So.2d at 561–62. Furthermore, Plaintiffs argue that, by allowing guests to use exercise equipment that strains and exercises the cardiovascular system, Defendants created a dangerous condition or somehow contributed to Mr. De La Flor's cardiopulmonary arrest such they had a duty to provide an AED. But this argument fails because the injured individual in *L.A. Fitness* was using a step-machine, *id.* at 552, which is a piece of equipment that strains and exercises the cardiovascular system. As such, *L.A. Fitness* demonstrates that a duty to provide an AED is not created because a business owner allows patrons to use cardiovascular intensive exercise equipment. Thus, Defendants did not owe Mr. De La Flor a duty to keep an AED in the fitness facility or to provide the AED (they allegedly possessed) to assist Mr. De La Flor.

Plaintiffs further claim that the Defendants breached their duty by not calling 911, which resulted in the boy who did call 911 not being able to search for the AED. Again, since under Florida law there is no duly to maintain or provide an AED, it follows that there is no duty to **take** actions so that bystanders will be free to search for AEDs that may be nearby.

Plaintiffs also argue that Defendants breached their duty by not properly training employees to deploy an AED and call 911. However, for the reasons discussed above, Defendants did not have a duty to deploy an AED or call 911 in these circumstances, where an apparently competent person was on the scene and 911 had been called. Consequently, Defendants did not have a duty to train their employees to take these actions. *See id.* at 558 (explaining that there was no duty to have CPR-trained employees at the gym).

■ Plaintiffs' final claim is that Defendants were negligent because they did not escort paramedics to assist Mr. De La Flor in a timely manner. However, as explained above, a hotel operator's duly to render aid to a guest ceases once the guest is "is in the hands of apparently competent persons who have taken charge of him...." *See id.* at 557 (quoting Restatement § 314A, cmt. f). Such is the case here because Plaintiffs allege that Mr. De La Flor was being provided CPR by a surgeon before the paramedics arrived and was, therefore, in the hands of an apparently competent person. Accordingly, this allegation also fails to support a claim for negligence.

## IV. CONCLUSION

Consistent with the foregoing analysis, it is hereby

ORDERED that Ritz–Carlton Management and Dilido are dismissed based on the Court's previous determination that the fraudulent joinder doctrine applies.

It is further

ORDERED that the Motion to Dismiss is GRANTED because Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted. Should Plaintiffs wish to amend their Complaint, they have until March 15, 2013 to do so.