[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2010
JOHN LEY
CLERK

_____

No. 09-13954

_____

D.C. Docket No. 08-00343 CV-5-RS-MD

BRIAN MOORE, as Personal Representative
on behalf of the Estate of Bernard P. Rice, Deceased,

Plaintiff-Appellant,

versus

NORTH AMERICA SPORTS, INC., a foreign corporation,
d.b.a. World Triathlon Corporation,
d.b.a. Ironman Triathlon,
d.b.a. Ford Ironman Florida,
f.k.a. Ironman North America,
USA TRIATHLON, a foreign company,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 18, 2010)

Before TJOFLAT, CARNES and COX, Circuit Judges.

PER CURIAM:

Bernard P. Rice drowned while competing in the 2006 Ford Ironman Florida Triathlon ("Triathlon") at Panama City Beach, Florida. Brian Moore, as representative of the estate of Rice, sued North America Sports, Inc., USA Triathlon, Inc., and World Triathlon, Inc., alleging that Rice's death was the result of negligence in conducting the Triathlon. The case was tried to a jury, and resulted in a verdict and judgment for North America Sports and USA Triathlon.[1] The jury found no proof of negligence on the part of North America Sports and USA Triathlon in conducting the Triathlon. Upon entry of judgment on the verdict, this appeal followed.

The suit was filed in state court, but successfully removed to federal court. Moore contends that the district court erred in failing to remand the case to state court because the notice of removal was untimely. We conclude that any error in failing to remand the case would be procedural error insufficient to warrant vacating the judgment and remanding for a new trial in state court. Thus we affirm the judgment of the district court.

## I. BACKGROUND & PROCEDURAL HISTORY

In June 2008, Brian Moore, as representative of the estate of Bernard P. Rice, filed a wrongful death action in Florida state court alleging state law negligence

---

[1] World Triathlon was dismissed as a defendant prior to trial. We use the term "Defendants" throughout the opinion to refer to North America Sports and USA Triathlon collectively.

claims against North America Sports, USA Triathlon, and World Triathlon. World Triathlon was a citizen of Florida, the state in which the action was brought, and thus the case was not removable as originally filed. *See* 28 U.S.C. § 1441(b) (precluding removal when any defendant is "a citizen of the State in which such action is brought"). The Complaint alleged that Rice, the decedent, was a "resident" of Montana, but did not allege his citizenship of a particular state.[2] As to the amount in controversy, the Complaint alleged that damages were in excess of $15,000, the state court's minimum jurisdictional amount. Without otherwise quantifying the amount of damages sought, the Complaint alleged damages to the estate, Rice's surviving spouse, and Rice's three minor children. As to the estate, the Complaint alleged damages for the loss of prospective net accumulations as well as medical and funeral expenses. As to Rice's surviving spouse, the Complaint alleged damages for loss of support and services of the decedent, mental pain and suffering, and medical and funeral expenses. As to Rice's three minor children, the Complaint alleged damages for loss of support and services of the decedent and mental pain and suffering.

---

[2] Where an estate is a party, as in this case, the citizenship that counts for diversity purposes is that of the decedent. 28 U.S.C. § 1332(c)(2); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007).

On July 14, 2008, North America Sports and USA Triathlon filed a motion to dismiss in state court, and attached to that motion Rice's online registration for the Triathlon. The online registration stated that Rice was born in 1971 (making him 35 years old at the time of his death), that his address was in Montana, that he held a bachelor's degree, and that he was president of a boat dealership.

On September 2, 2008, Moore dropped World Triathlon, a citizen of Florida, as a Defendant. Because no other Defendant was a citizen of Florida, dropping World Triathlon eliminated any removal problem based on the joinder of a Florida Defendant. Thirty days later, on October 2, 2008, USA Triathlon served Moore with a request that he admit that Rice was a citizen of Montana and that the amount in controversy exceeded the $75,000 threshold for diversity jurisdiction. Moore served his response to this request on November 3, 2008, admitting both of these jurisdictional facts. Eleven days later, on November 14, 2008, North America Sports and USA Triathlon filed a notice of removal. Moore promptly moved to remand the case to state court on the ground that the notice of removal was untimely.

The district court concluded that Defendants' notice of removal was timely and denied Moore's motion to remand. Relying on this court's opinion in *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the district court held that the Complaint and online registration did not provide Defendants with an unambiguous statement

sufficient to establish that Moore's claims potentially exceed $75,000. Accordingly, the district court found that the thirty-day removal period did not start to run until November 3, 2008, when Moore admitted that the value of his claims exceeded $75,000, making Defendants' removal on November 14, 2008, timely.

The case was tried to a jury and resulted in a verdict for the Defendants. On the verdict form, the jury found that there was no negligence on the part of North America Sports and USA Triathlon which was a legal cause of the death of Rice. Upon entry of judgment on the verdict, this appeal followed.

## II. ISSUES ON APPEAL

This appeal presents two basic issues relating to removal procedure: (1) whether Moore's notice of removal was untimely under 28 U.S.C. § 1446(b) and, if so, (2) whether a failure to comply with the statutory deadline requires vacating the judgment and remanding for a new trial in state court.[3]

---

[3] Moore also raises three other issues on this appeal: (1) whether the district court abused its discretion in denying his motion for a mistrial after the Defendants introduced evidence that Rice had "wrongfully converted" or was guilty of "stealing" money from his father's car dealership; (2) whether the district court abused its discretion in declining to poll the jury regarding a local public opinion poll revealing that 92% of respondents thought that the plaintiff should lose the case; and (3) assuming that reversal is warranted on any of the foregoing grounds, whether the district court erred in failing to grant summary judgment to Moore on his claim that the decedent had not, through several release forms ordinarily signed by Triathlon participants, waived his rights to sue the Defendants. We have considered Moore's arguments on issues one and two and find them unpersuasive. We therefore need not consider issue three because the jury, having found no proof of negligence, did not reach the issue of releases.

## III. DISCUSSION

We review de novo the denial of a motion to remand to state court. *Dial v. Healthspring of Ala., Inc.,* 541 F.3d 1044, 1047 (11th Cir. 2008); *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). The parties agree that this case, filed in Florida state court, was not removable as originally filed because the Defendant World Triathlon was alleged to be a citizen of Florida. A case cannot be removed on the basis of diversity jurisdiction if a defendant is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see also Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90, 126 S. Ct. 606, 613 (2005)) ("When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed."). Because the case stated by the initial pleading was not removable, the removal of this case is governed by the second paragraph of § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

6

28 U.S.C. § 1446(b). The timeliness of the notice of removal in this case turns on when the thirty-day clock for filing a notice of removal began to run.

Moore contends that this case became removable on September 2, 2008, when he served Defendants with notice that World Triathlon, allegedly a citizen of Florida, was dropped as a defendant. Moore argues that the Defendants should have ascertained at that time that diversity of citizenship existed and that the amount-in-controversy requirement was satisfied. As to the amount in controversy, Moore argues that "it does not require speculation to conclude that a claim for the wrongful death of a 35-year-old man who was president of his own company, leaving a wife and three minor children, exceeds $75,000." (Appellant's Br. at 35.) Starting the thirty-day removal clock on September 2, 2008, would make Defendants' notice of removal, filed seventy-three days later on November 14, 2008, untimely.

Defendants start the thirty-day clock differently. They argue that the thirty-day clock did not begin to run until November 3, 2008, when Moore admitted that he was seeking damages in excess of $75,000, exclusive of interest and costs. Defendants contend that prior to Moore's jurisdictional admission, there was no "unambiguous statement" clearly establishing the amount in controversy under the reasoning of our decision in *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Starting the

thirty-day clock on November 3, 2008, would make Defendants' notice of removal, filed eleven days later on November 14, 2008, timely.

Defendants also contend that, even if the notice of removal was untimely and created a procedural defect in removal, such a defect does not require vacating the district court's judgment and remanding the action for a new trial in state court. Rather, Defendants argue, under the Supreme Court's decision in *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S. Ct. 467 (1996), the district court's judgment should be affirmed because it is uncontested that the district court had diversity jurisdiction at the time judgment was entered.

We need not decide the timeliness of the notice of removal in this case. Under the Supreme Court's decision in *Caterpillar*, any untimeliness would be an insufficient basis to vacate the judgment and remand for a new trial.

In *Caterpillar*, the Supreme Court considered whether the absence of complete diversity at the time of removal, as required by 28 U.S.C. § 1441(a), was fatal to federal-court adjudication. 519 U.S. at 64, 117 S. Ct. at 471. Although § 1441(a)'s requirement that complete diversity exist at the time of removal was not satisfied, this defect was later cured when the non-diverse party dropped out of the case after removal but before trial commenced. *Id.* at 64, 117 S. Ct. at 470. The Court noted that although the "jurisdictional defect" had been cured in the case by the time of

8

judgment, the "statutory flaw" of failing to meet § 1441(a)'s requirements at the time of removal "remained in the unerasable history of the case." *Id.* at 73, 117 S. Ct. at 475. The Court unanimously held "that a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." *Id.* at 64, 117 S. Ct. at 471. "Once a diversity case has been tried in federal court . . . considerations of finality, efficiency, and economy become overwhelming." *Id.* at 75, 117 S. Ct. at 476; *see also Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1080 (10th Cir. 1999) (holding that "a defect in removal procedure does not warrant a remand to state court if subject matter jurisdiction existed at the time the district court entered judgment").

Any untimeliness in the filing of the notice of removal in this case would be an insufficient basis to vacate the judgment and remand for a new trial in state court. It is undisputed in this case that the timeliness of removal is a procedural defect – not a jurisdictional one. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751-52 (11th Cir. 2010) (noting that timeliness of removal is a procedural issue, not a jurisdictional issue); *see also In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect."). It is also undisputed that the requirements for diversity

jurisdiction were met by the time the district court entered judgment. Therefore, under the reasoning of the *Caterpillar* decision, we need not decide whether the Defendants' notice of removal was untimely because any defect would not be fatal to the ensuing adjudication. We note that considerations of "finality, efficiency, and economy" support our decision. *Caterpillar*, 519 U.S. at 75, 117 S. Ct. at 476. The litigation in this case has spanned over a year in federal court, and has included considerable discovery, multiple pretrial motions, and a five-day jury trial. Further, to remand this case to state court for a new trial, as Moore would have us do, would wipe the slate clean and provide Moore with a second opportunity to try this case on the merits after a jury has found against him. Considering the substantial judicial resources that have been dedicated to this case, remanding this case to state court "'would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.'" *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 519 n.6 (11th Cir. 2000) (quoting *Caterpillar*, 519 U.S. at 77, 117 S. Ct. at 477).

Moore's attempt to distinguish *Caterpillar* on the basis of *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956 (1998), is unavailing. In *Lexecon*, the Supreme Court addressed whether a district court could transfer to itself, pursuant to 28 U.S.C. § 1404(a), an action that had been

10

consolidated before it by the Judicial Panel on Multidistrict Litigation, despite the command of 28 U.S.C. § 1407(a) that the Panel remand such a case back to the court of origin after pretrial matters had been concluded. *Id.* at 28, 118 S. Ct. at 959. Citing the plain language of 28 U.S.C. § 1407(a), which dictates that "[e]ach action . . . transferred [under § 1407(a)] shall be remanded by the panel at or before the conclusion of . . . pretrial proceedings," the Court held that § 1407(a) does not permit a district court to entertain a § 1404(a) transfer motion to keep the case for trial. *Id.* at 34-35, 118 S. Ct. at 962.

*Lexecon* is distinguishable from this case. First, *Lexecon* involved a transfer between different federal districts under the venue provisions of 28 U.S.C. §§ 1404 and 1407, and its decision turned on the language in those statutes. *Lexecon* did not address removal under § 1446(b), or the federalism concerns of removing cases in a dual court system. Second, the *Lexecon* court distinguished its facts from those of *Caterpillar*, and explained why a new trial was required in *Lexecon* but not in *Caterpillar*. In *Lexecon*, the statutory error – the failure to remand a consolidated case back to the court of origin after the conclusion of pretrial matters pursuant to § 1407(a) – required a reversal and a new trial because § 1407 would "lose all meaning if a party who continuously objected to an uncorrected categorical violation of the [§ 1407(a)] mandate could obtain no relief at the end of the day." *Id.* at 43, 118 S. Ct.

11

at 966. By contrast, "untimely compliance" with the removal statute (if the compliance was untimely) does not require a new trial because the removal statute retains significance "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment . . . ." *Id.* at 43, 118 S. Ct. at 966. Therefore, this case is like *Caterpillar* and unlike *Lexecon*, and any procedural defect in the timeliness of the notice of removal is an insufficient basis to vacate the judgment and remand for a new trial.

## IV. CONCLUSION

We affirm the judgment entered in favor of Defendants.

AFFIRMED.