[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13252
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01747-SCJ


PARVIZ ABEDI,
ZEINAB ABEDI,

                              Plaintiffs - Counter Defendants - Appellants,

                         versus

U.S. BANK NATIONAL ASSOCIATION,
Individually and under its assumed name
Ultron Processing Services, Inc.,

                              Defendant - Counter Claimant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 23, 2019)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Parviz and Zeinab Abedi appeal the district court's order granting summary judgment to U.S. Bank National Association on its counterclaim seeking a declaratory judgment that certain security deeds lawfully conveyed to U.S. Bank the Abedis's interest in their Marietta, Georgia property.  On appeal, the Abedis argue that (1) the district court lacked jurisdiction because U.S. Bank's initial removal was untimely and (2) the security deeds purporting to transfer the property to U.S. Bank are unenforceable.[1]  Finding no merit in either argument, we affirm.

**I**

We review the district court's grant of summary judgment *de novo*. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).  The Abedis first argue that the district court lacked jurisdiction over this action, because U.S. Bank removed the case to federal court almost five months after the Abedis filed their claims.  U.S. Bank responds that it removed the case within 30 days of when the Abedis filed their *amended* petition, which added a slough of new federal claims. It is not clear from the record that U.S. Bank did, in fact, timely remove the case

---

[1] The Abedis also mix in arguments pertaining to their earlier motion to dismiss.  Because the Abedis appealed only the district court order granting U.S. Bank summary judgment, however, we consider only the arguments relevant to that order.  *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) *aff'd sub nom. Osternek v. Ernst & Whinney*, 489 U.S. 169 (1989) ("Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice.").

2

after the Abedis amended their pleadings.[2]  But we find that, for purposes of this appeal, it does not matter.

To briefly explain the disputed law, two subsections of 28 U.S.C. § 1446(b)—governing the timeliness of removal in civil cases—are relevant to this appeal.  The first, on which the Abedis rely, addresses civil actions that are removable at the time of filing, stating: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1). The second, on which U.S. Bank relies, deals with civil actions in which "an amended pleading, motion, order or other paper" establishes removability, and states that, in such a case, the notice of removal may be filed within 30 days of the defendant's receipt of the *amended* pleading.  *Id*. at 1446(b)(3).

Regardless of which clause applies here, any untimeliness in removing the case would be an insufficient basis to vacate the judgment and remand for a new trial in state court.  That is because, although the 30-day removal period is

---

[2] It appears that the Abedis filed their amended pleadings on April 28, 2016.  In their brief on appeal they state that U.S. Bank removed the case on May 21, 2016—which would put the removal within 30 days of the filing—and focus on arguing that U.S. Bank should have removed within 30 days of their *initial* filing.  U.S. Bank's actual removal petition, however, is dated May 31, 2016 (which would put the removal outside the 30-day limit). Throughout its brief, U.S. Bank does not specify dates but repeatedly insists that it properly removed the case within 30 days of the Abedis's amended filing.

mandatory, failure to comply is "a procedural defect—not a jurisdictional one." *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010); *accord Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 at 751–52 (11th Cir. 2010) (explaining that timeliness of removal is a procedural issue, not a jurisdictional issue).  And, relevant here, a motion to remand a case to state court on the basis of any defect other than lack of subject matter jurisdiction—for instance, for untimely removal— "must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  A party who does *not* move to remand within 30 days waives any objection to the untimely removal.  *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989); *see also Moore*, 623 F.3d at 1329  ("Any untimeliness in the filing of the notice of removal in this case would be an insufficient basis to vacate the judgment and remand for a new trial in state court. It is undisputed in this case that the timeliness of removal is a procedural defect—not a jurisdictional one.").  A motion for remand based on lack of subject matter jurisdiction, however, may be made "at any time before final judgment."  *Wilson*, 888 F.2d at 781 n.1.

Although the Abedis fashion their objection as pertaining to subject matter jurisdiction, it is clear that the basis of their claim is U.S. Bank's failure to remove the case within 30 days of receiving the pleading.  Following U.S. Bank's allegedly untimely removal, however, the Abedis failed to file a motion to remand within 30 days as required by 28 U.S.C. § 1447(c).  Because the Abedis did not file

4

a motion to remand, they have waived any objection to U.S. Bank's allegedly untimely removal. *See id.*

## II

Next, the Abedis argue that the district court erred by declaring that the security deed conveying their property to U.S. Bank was valid and enforceable because (1) the deed was not properly witnessed and attested to and (2) the after-acquired-property doctrine should not have been applied. We disagree on both points.

First, in order for a deed to be properly recordable under Georgia law, its signature must be attested to by two witnesses. *See Hooten v. Goldome Credit Corp.*, 481 S.E.2d 550, 551–52 (Ga. 1997). The Georgia Code provides that "[i]n order to admit deeds to secure debt or bills of sale to secure debt to record, they shall be signed by the maker, attested by an officer . . . and attested by one other witness." O.S.G.A. § 44-14-61. This requirement, however, "[r]elates only to the *record[a]bility* of the instrument"—a deed itself may be valid without attestation. *Hooten*, 481 S.E.2d at 551–52 (emphasis added) (citation omitted). Indeed, in Georgia, a deed is "good as between the parties without any attesting witness" if it "specifies the property, states the debt, and shows that the parties intend to create a lien." *Hawes v. Glover*, 55 S.E. 62, 67 (Ga. 1906); *see Lionheart Legend, Inc. v. Norwest Bank Minn. Nat'l. Ass'n*, 560 S.E.2d 120, 124 (Ga. App. 2002)

5

(explaining that a deed not executed in accordance with the witness requirement "is not properly recordable and therefore does not give constructive notice to all the world" but that "[a]s between the parties themselves" it is "valid and binding" (citation omitted)).

The Abedis argue that because no witness or notary was present when they conveyed their property to U.S. Bank, the deed was not properly executed and is not valid under O.C.G.A. § 44-14-61.  Georgia law makes clear, however, that although a deed that does not meet the recording requirements may not provide constructive notice to third parties, a recording deficiency is insufficient to void a deed as against the grantor.  *See Lionheart Legend*, 560 S.E.2d at 124.  Thus, in this case, the deed signed by the Abedis—which "specifies the property, states the debt, and shows that the parties intend to create a lien"—is sufficient to show that they conveyed title to the disputed property to U.S. Bank.  *Hawes*, 55 S.E. at 67.

Second, Georgia law hews to the after-acquired-title doctrine, which provides that "[w]here one executes a warranty deed to another, purporting to convey title to property when the grantor owns no interest in the property described in the conveyance, but subsequently does acquire an interest, the subsequently acquired interest immediately inures to the benefit of the grantee in his deed." *Todd v. Williford*, 150 S.E. 912, 916 (Ga. 1929); *see also* O.C.G.A. § 44-5-44 (explaining that"[t]he maker of a deed cannot subsequently claim adversely to his

6

deed under a title acquired after the making thereof" and is "estopped from denying his right to sell and convey the property treated in the deed"). Put more simply, the doctrine prevents fraud by ensuring that when you give away something you don't have—and then later get the thing that you purported to give away—it automatically belongs to the person that you "gave" it to.

That is precisely what happened in this case. The Abedis purported to deed a security interest in their property to U.S. Bank, but later revealed that the property was actually owned, at that time, by their business P.A. International. Not a problem. Under Georgia law, once P.A. International conveyed the property to the Abedis, the after-acquired-title doctrine kicked in and the interest automatically transferred to U.S. Bank, giving it a validly perfected security interest in the property.[3]

On appeal, the Abedis now argue that the after-acquired-title doctrine should not apply in this case because the loan documents themselves do not reference the doctrine and there is no evidence that they agreed to its application. For support, they cite to one Massachusetts case without explanation. This argument fails— there is no requirement in Georgia law that grantors specifically accede to the

---

[3] The Abedis also summarily argue on appeal that the conveyance from P.A. International was void because it lacked proper execution or a corporate seal from the company, that U.S. Bank has not shown that it is the owner of the loan documents, and that the district court erred in denying Mrs. Abedi's request to withdraw her admissions. None of these shotgun-style claims, however, is supported by the record or adequately explained in the briefing, thus we do not consider them here.

after-acquired-title doctrine before it kicks in.  *See Williford*, 150 S.E. at 916.

Because the Abedis have not shown why the doctrine should not apply in this case,

we hold that when P.A. International conveyed the property to the Abedis, U.S.

Bank received the security interest that the Abedis had formerly purported to

convey.

## III

For the foregoing reasons, we affirm the district court's grant of summary

judgement to U.S. Bank.

**AFFIRMED.**