[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12610

Non-Argument Calendar

_____

JASON WOODS,

Plaintiff-Appellant,

*versus*

WASTE PRO OF FLORIDA, INC.,
WASTE PRO USA INC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:20-cv-00144-AW-MJF

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Jason Woods appeals the district court's grant of summary judgment in favor of his former employer, Waste Pro,[1] in his claim of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10.  Woods argues that Waste Pro's notice of removal was improper and argues, in the alternative, that the district court erred in granting summary judgment for Waste Pro because he stated a prima facie case of race discrimination by identifying valid comparators.  He also argues that Waste Pro's stated reason for terminating him—failing to report an accident—was pretextual because the incidents in his personnel file had been added after his termination.  He further argues that the district court abused its discretion by denying his motions to compel discovery of items he had requested while in state court.  For the reasons stated below, we affirm.

## I.

We review *de novo* a district court's grant of summary judgment, "construing all facts and drawing all reasonable inferences in

---

[1] In the district court, the parties disagreed as to whether Waste Pro of Florida, Inc., or Waste Pro USA, Inc., was the correct defendant.  The distinction is uncontested on appeal, so except where the distinction between the two companies matters, we simply refer to the defendants as "Waste Pro."

favor of the nonmoving party." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919 (11th Cir. 2018) (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291–92 (11th Cir. 2012)).  Summary judgment is appropriate when the record evidence shows that "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The moving party bears the initial burden to show the absence of a genuine issue of material fact.  *Jones*, 683 F.3d at 1292.  The burden then shifts to the nonmoving party to rebut that showing by producing relevant and admissible evidence beyond the pleadings. *Id.*  The nonmoving party cannot rebut such a showing with evidence that is "'merely colorable, or is not significantly probative' of a disputed fact."  *Id.* (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

If a defendant desires to remove a case to federal court, it must file a notice of removal within thirty days of receiving the initial pleading or service of summons.  28 U.S.C. § 1446(b).  The statute further provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  *Id.* § 1446(b)(2)(c).  As long as the district court has

subject matter jurisdiction, any untimeliness in filing the notice of removal is insufficient to vacate a final judgment and remand to state court. *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329–30 (11th Cir. 2010).

Under Title VII, it is unlawful for an employer to "discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Because the FCRA was patterned after Title VII, and because the same prima facie case and burden-shifting mechanisms apply to both Title VII and the FCRA, the analysis for both is the same. *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

To establish a Title VII discrimination claim, the plaintiff must show: "(1) the employer's discriminatory animus towards the employee based on the employee's protected characteristic; (2) a discharge or other significant change in the terms or conditions of employment; and (3) a causal link between the two." *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir. 1999). A plaintiff asserting intentional discrimination claims under Title VII "must make a sufficient factual showing to permit a reasonable jury to rule in her favor." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1217 (11th Cir. 2019) (en banc). A plaintiff "can do so in a variety of ways, one of which is by navigating the now-familiar three-part burden-shifting framework established by the Supreme Court in" *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *Id.* Under this framework, the plaintiff has the burden to establish her *prima*

*facie* case. *Lewis*, 918 F.3d at 1217. The plaintiff may make out a *prima facie* case of discriminatory discharge by showing that she: "(1) is a member of a protected class; (2) was qualified for the position from which she was terminated; (3) was terminated; and (4) was treated less favorably than similarly situated employees outside her protected class. *Id.* at 1221 (emphasis omitted).

To meet the fourth prong, a comparator must be "similarly situated in all material respects," meaning that the plaintiff and comparators are "sufficiently similar, in an objective sense, that they 'cannot reasonably be distinguished.'" *Id.* at 1227–28 (quoting *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 231 (2015)). Although this standard requires a case-by-case analysis and formal labels about job title are unnecessary, a similarly situated comparator will have ordinarily engaged in the same basic misconduct as the plaintiff, been subject to the same employment policy, guideline, or rule, shared the same supervisor, and shared the plaintiff's employment or disciplinary history. *Id.* at 1227–28.

If the plaintiff makes out her *prima facie* case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 1221. If the employer meets that burden, then the burden shifts back to the plaintiff to show that the employer's proffered reasons were merely pretext for unlawful discrimination. *Id.* To show pretext, the plaintiff must show "both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis omitted).

A plaintiff can show pretext by demonstrating "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered reason for the employment action such that a reasonable factfinder could find them unworthy of credence. *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quoting *Cooper v. S. Co.*, 390 F.3d 695, 725 (11th Cir. 2004)). If the proffered reason is one that may motivate reasonable employers, however, the plaintiff must "meet it head on and rebut it" instead of merely quarreling with it. *Id.* at 1350 (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004)).

In the alternative to the *McDonnell Douglas* framework, a plaintiff can survive summary judgment if he presents "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019) (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2019)). This may be shown by "evidence that demonstrates . . . (1) 'suspicious timing, ambiguous statements . . . , and other bits and pieces from which an inference of discriminatory intent might be drawn,' (2) systemically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis*, 934 F.3d at 1185 (quoting *Silverman v. Bd. of Educ.*, 637 F.3d 729, 733–34 (7th Cir. 2011)).

Because Waste Pro of Florida timely filed a notice of removal within twenty days of being served, and Waste Pro USA joined, removal was proper. And the district court did not err in

granting summary judgment to Waste Pro because Woods did not present evidence to create a genuine issue of material fact on pretext, as he did not show that Waste Pro's real reason for terminating him was race discrimination.

## II.

We review a discovery order for an abuse of discretion. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). We will not overturn a discovery ruling unless it resulted in substantial harm to the appellant's case. *Id.*

Under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Additionally, Federal Rule of Civil Procedure 37(a)(3)(B) authorizes a party to move to compel discovery responses to requests for production propounded under Rules 30, 31, 33, or 34.

We conclude that the district court did not abuse its discretion in denying Woods's motions to compel because there was no agreement by the parties or order by the district court that the state court discovery requests would carry over into federal court. And

8                    Opinion of the Court                    21-12610

Woods did not serve a new discovery request under the federal rules.

★ ★ ★ ★

Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**