21-1943-cv
*McKie v. The Estate of Doris Dickinson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

CHRISTOPHER MCKIE,

> *Plaintiff-Appellant*,
>
> v.                                                                 21-1943

CHARLES KORNEGAY, IRENE KORNEGAY,

> *Defendants-Appellees*.[1]

_____

For Plaintiff-Appellant:        CHRISTOPHER MCKIE, pro se, Brooklyn, New York.

For Defendants-Appellees:       WILLIAM V. DECANDIDO, William V. DeCandido, PC, Forest Hills, New York.

_____

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and **AFFIRMED IN PART,** and the appeal is **DISMISSED IN PART**.

Appellant Christopher McKie, proceeding pro se, appeals from the August 2, 2021 order of the United States District Court for the Eastern District of New York (Matsumoto, *J.*), dismissing his claims with prejudice. McKie brought claims against the estate of Doris Dickinson, Charles Kornegay ("Charles") in his official capacity as administrator of the estate and in his individual capacity, and Irene Kornegay ("Irene"), asserting common law tort and contract claims premised on McKie's allegation that he was entitled to estate assets. The district court found that it lacked subject matter jurisdiction because the parties were not diverse, that it would also lack subject matter jurisdiction over many claims under the probate exception to federal diversity jurisdiction, and that the complaint in any event failed to state a claim. For the following reasons, the judgment of the district court is **VACATED IN PART** and **AFFIRMED IN PART,** and the appeal is **DISMISSED IN PART**. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference here only as necessary to explain our decision.

## I. Subject Matter Jurisdiction

On appeal from a dismissal for lack of subject matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). We "have an independent obligation to determine

2

whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal subject matter jurisdiction is available when a federal question is presented, or when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

McKie's complaint cites the statutes for both federal question and diversity jurisdiction.[2] However, McKie's brief does not identify any basis for federal question jurisdiction, and none is apparent—McKie's causes of action are state law tort and contract claims.

Diversity jurisdiction requires that the case be between "citizens of different States," 28 U.S.C. § 1332(a)(1), meaning "that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant," *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (quotation marks and citations omitted). The diversity statute specifies that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). The citizenship of the estate itself is, likewise, established by the citizenship of the decedent. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1327 n.2 (11th Cir. 2010) (citing § 1332(c)(2)).

McKie does not dispute that he is domiciled in New York, nor that Dickinson was domiciled in New York when she died. Instead, he argues that the district court overlooked that

---

[2] On appeal, McKie also argues that the district court should have considered whether jurisdiction existed under 28 U.S.C. §§ 1335 and 1343(a), but he fails to explain how either statute is applicable to this case. *See* 28 U.S.C. §§ 1343(a), 1335 (jurisdiction over certain civil rights and interpleader actions).

3

he also sued Irene and Charles, both South Carolina residents, individually. However, because McKie shared citizenship with any of the defendants, the district court lacked subject matter jurisdiction. *See Hallingby*, 574 F.3d at 56.

Having properly concluded that it lacked subject matter jurisdiction, the district court proceeded to consider the merits and dismiss the complaint with prejudice for failure to state a claim. That was error. A dismissal for lack of subject matter jurisdiction must be without prejudice, because "without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016). Accordingly, the district court's dismissal with prejudice of claims over which it found it lacked subject matter jurisdiction must be vacated.

Nevertheless, since the district court has already issued a final judgment over the remaining claims, we cure part of the jurisdictional defect here in the interest of finality, efficiency, and economy. *See United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 170 (2d Cir. 2003) ("Once a district court has proceeded to final judgment, considerations of finality, efficiency, and economy become overwhelming, and federal courts must salvage jurisdiction where possible." (quotation marks and citations omitted)). To salvage jurisdiction, we dismiss the nondiverse defendants (i.e., the estate and Charles in his official capacity as administrator). *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989) (recognizing that "courts of appeals have the authority to dismiss a dispensable nondiverse party" under Rule 21); *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2d Cir. 2001) ("[W]here a change in parties, necessary to the existence of jurisdiction, is appropriate and

4

is made (even on or after appeal), appellate courts have acted as if the trial court had jurisdiction from the beginning of the litigation.").

To the extent that McKie seeks damages from Charles and Irene for their personal tortious conduct, the estate and its administrator are not necessary because the case can proceed "in equity and good conscience" without them. Fed. R. Civ. P. 19(b). The Supreme Court has cautioned that the appellate courts' authority to dismiss parties "should be exercised sparingly," and that remand may be required to resolve factual disputes as to whether the dismissal of a nondiverse party will prejudice other parties. *Newman-Green*, 490 U.S. at 837. Here, Charles and Irene will only benefit from the finality of a dismissal with prejudice, and McKie and the nondiverse defendants would be in the same position whether those defendants are severed from this case or this case is dismissed in its entirety without prejudice.

Still, we agree with the district court that the probate exception to diversity jurisdiction bars some of McKie's claims against Irene and Charles in their individual capacities. Under the probate exception, a federal court cannot exercise diversity jurisdiction over a complaint that seeks to (1) "administer an estate, probate a will, or do any other purely probate matter" or (2) "to reach a res in the custody of a state court." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007) (quotation marks, alterations, and emphasis omitted). The exception does not apply to actions that "seek[] damages from Defendants personally rather than assets or distributions from [the] estate," even if they are "intertwine[d]" with a probate action. *Id.* at 107–08. We agree with the district court's analysis that McKie's claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, unjust enrichment, quantum meruit, and indebitatus assumpsit are barred by the probate exception because they essentially "seek[] to mask in claims

5

for federal relief . . . complaints about the maladministration of [the estate]" and "[t]o provide the relief Plaintiff seeks . . . the federal court would have to assert control over property that remains under the control of the state courts." *Id.* at 107. However, the probate exception does not bar McKie's claims for fraudulent misrepresentation, fraudulent concealment, and tortious interference, which seek compensatory and punitive damages from Charles and Irene in their individual capacities.

We therefore dismiss the estate and Charles in his official capacity from this action and proceed to consider the merits of the remaining claims against Charles and Irene in their individual capacities.

## II. Merits

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quotation marks and citation omitted). Upon review of the record and relevant case law, we conclude that the district court's dismissal with prejudice of the remaining claims was correct. We affirm for substantially the same reasons stated by the district court in its August 2, 2021 memorandum and order, where it considered McKie's claims for fraudulent misrepresentation, fraudulent concealment, and tortious interference.

## III. Denial of Leave to Amend

Finally, the district court did not err in denying leave to amend. We review such denials for abuse of discretion, unless the denial is "based on an interpretation of law." *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018) (quotation marks and citation omitted).

6

A district court generally should not dismiss a pro se complaint without granting at least one opportunity to amend, but amendment should be denied where the complaint gives no "indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

McKie does not explicitly challenge the denial of leave to amend in his appellate brief, but he does argue that the district court erred in denying a claim for an accounting, which he had identified as a claim that might be raised in an amended complaint. Such a claim relates to the estate and its administrator, and raising it would destroy the federal courts' diversity jurisdiction.

\* \* \*

Accordingly, the district court's dismissal with prejudice is **VACATED** in part and we **DISMISS**, without prejudice, all claims against the estate of Doris Dickinson and its administrator in his official capacity and all claims against Charles and Irene Kornegay that fall under the probate exception. As to the remaining claims against Charles and Irene Kornegay in their individual capacities, we have considered all of McKie's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court in remaining part to dismiss those claims with prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7