## 40423. BRAMBLETT v. BRAMBLETT.

MARSHALL, Presiding Justice.

In this case, James Bramblett (plaintiff) filed a complaint against his former wife, Faye Bramblett (defendant), to enjoin her foreclosure of a security deed which names him as grantor. The subject matter of the security deed is the marital residence, which the plaintiff was awarded in the parties' divorce proceeding. However,

the security deed, which states that it secures a $10,000 indebtedness, is dated subsequent to the parties' divorce decree. Admitted in evidence was a note which is also in the amount of $10,000, which bears the same date as the security deed, and which is purportedly between the plaintiff (as maker) and defendant (as holder). The security deed which the defendant is seeking to foreclose was not recorded, and subsequent to the date appearing on the security deed, the plaintiff executed another security deed conveying the same property to a mortgage company to secure an indebtedness in the approximate amount of $27,000. In this proceeding, the plaintiff alleges that his signature on the security deed which the defendant is attempting to foreclose is a forgery.

The superior court entered an order permanently enjoining the foreclosure of the security deed, but, under the terms of the order, the defendant would still be permitted to sue the plaintiff on the note. In so ruling, the court found the evidence "conflicting and unclear" as to the authenticity of the plaintiff's signature on the deed, and the court also found that the deed was not properly witnessed. The defendant appeals, arguing, among other things, that the superior court erred by failing to make sufficient findings in support of its order. We agree.

The grant or denial of the request to permanently enjoin the foreclosure of the security deed is not, as argued by the plaintiff, a matter lying within the discretion of the trial judge. Unless the security deed is found to be invalid, or unless there is found to be some other legal or equitable grounds supporting the injunction against foreclosure of the security deed, the security deed holder has the legal right to proceed with a foreclosure of it by exercising the power of sale contained therein.

Thus, in deciding whether or not to enjoin the foreclosure, the superior court must make findings and/or conclusions concerning the validity of the security deed as between these parties, and, more specifically, concerning the authenticity of the plaintiff's signature on the deed. This the superior court failed to do, and for this reason we find it necessary to vacate the judgment and remand the case for consideration of these questions.

In this connection, the following points should be noted:

(1) "Despite a statutory requirement that the signature of the maker of a deed must be attested by two witnesses, the requirement relates only to the recordability of the instrument, and a deed may be valid between the parties without attestation." Ga. Real Est. Law § 19-53 (2nd Ed.) (Footnote omitted.). See also Ga. Real Est. Law, supra, §§ 19-45, 23-118.

(2) One of the primary requirements for the validity of a security deed is the existence of an indebtedness between the parties.

See Ga. Real Est. Law, supra, §§ 21-20, 21-28 et seq.

(3)   As for other grounds authorizing the enjoining of the foreclosure of a security deed, see Ga. Real Est. Law, supra, § 21-98 et seq. See also *Hampton v. Gwinnett Bank &c. Co.,* 251 Ga. 181 (304 SE2d 63) (1983).

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED JANUARY 18, 1984.

*Steve A. DiDio,* for appellant.
*Ronald J. Armstrong,* for appellee.