## 40545. SOUTHERLAND v. BRADSHAW.

GREGORY, Justice.

This appeal is from an order granting summary judgment to plaintiff-appellee. The case arose as a dispute over a tract of land located in Cherokee County, Georgia. The appellee claims fee simple title to the property in question by virtue of a conveyance in 1950, whereby he allegedly purchased certain real estate including the property in issue. However, the property was inadvertently omitted from the deed. Shortly after the date of the purchase, appellee entered into possession of the property and erected fences, maintained pastures, planted and harvested hay, and has conducted continuous farming operations on the entire tract. The defendant-appellant claims title to the property by virtue of a tax deed dated December 2, 1980, from the Tax Commissioner of Cherokee County. After the appellant advertised a Notice to Foreclose Right to Redeem in the Cherokee County Tribune, appellee, through counsel, mailed the appellant a certified check in an amount claimed to be the redemption price of the property and a

letter explaining appellee's right and intention to redeem the property. The appellant has at all times refused receipt and acceptance of appellee's offer of redemption and has refused to execute a quitclaim deed to appellee. Thereafter, appellee brought this action for recovery of the property. The amount tendered for redemption was deposited into the registry of the court. The suit was answered and the case came before the court on appellee's motion for summary judgment.

1. In his first enumeration of error, appellant contends the trial court erred in granting summary judgment to appellee because there exist genuine issues of fact concerning whether appellee has a sufficient interest in the property to entitle him to redemption. We disagree.

OCGA § 48-4-40 (Code Ann. § 91A-430) provides in pertinent part, "whenever any real property is sold under or by virtue of an execution issued for the collection of state, county, municipal, or school taxes or for special assessments, the defendant in fi. fa. or any person having any right, title or interest in or lien upon such property may redeem the property from the sale by the payment of the redemption price or the amount required for redemption, as fixed and provided in Code Section 48-4-42 [Code Ann. § 91A-436]." In *Crump v. McEntire,* 190 Ga. 684, 689 (10 SE2d 186) (1940) this court held that a person in possession of the land, adversely to the claim of title of the defaulting taxpayer (defendant in fi. fa.), has by virtue of such possession a sufficient right or interest therein to allow redemption of the property. The uncontradicted evidence in the case sub judice, as attested to by affidavits, reveals that appellee was in uncontested possession of the subject property, adverse to all the world, for over 25 years. This possession is "*an interest* in the land intended to be protected by conferring a right to redeem property sold for taxes." *Crump,* supra at 689. We find no merit in this enumeration of error.

2. In his second enumeration of error appellant also contends there remain issues of fact concerning the sufficiency of tender, therefore, the trial court erred in granting summary judgment to appellee. We agree.

OCGA § 48-4-47 (a) (Code Ann. § 91A-437) provides in relevant part, "no action shall be filed, allowed, sanctioned, or maintained for the purpose of setting aside, cancelling, or in any way invalidating the tax deed referred to in the notice or the title conveyed by the tax deed unless and until the plaintiff in the action pays or legally tenders to the grantee in the deed or his successors the full amount of the redemption price for the property, as provided for in this article." We must, therefore, determine whether appellee's mailing of a certified check on January 19, 1982, in the amount of $8,490, to appellant's

post office box, was sufficient under this code section, as a matter of law.

At the outset we find no factual dispute that the tender was made within the time provided by law for redemption of property sold for taxes. OCGA § 48-4-40 (2) (Code Ann. § 91A-430) provides the property may be redeemed "at any time after the sale until the right to redeem is foreclosed by the giving of the notice provided for in Code Section 48-4-45 (Code Ann. § 91A-434)." The notice in this case provided the property may be redeemed at any time before the 20th day of January, 1982.

Nor do we find a genuine issue of fact with respect to the manner of tender. OCGA § 48-4-46 (Code Ann. § 91A-435) sets forth the form of the notice to foreclose the right to redeem. There, it authorizes redemption at the address specified in the notice. The appellant's notice provided the property may be redeemed by payment of the redemption price, to the undersigned (appellant) at P. O. Box 185, Lebanon, Georgia. The undisputed evidence discloses appellee sent a certified check payable to appellant by certified mail to that address although it was refused. We find this manner of tender was authorized by appellant and complied with in good faith by appellee.

Although we have determined that no genuine issues of fact remain as to the timeliness and manner of tender, we are unable to determine from the record before us whether the amount tendered, $8,490, was the "full amount of the redemption price for the property." Appellee's complaint alleged this was the correct amount computed according to the formula set out in Code Ann. § 91A-436 [OCGA § 48-4-42]. In his answer, appellant denied the amount tendered was the correct amount. OCGA § 48-4-42 (Code Ann. § 91A-436), Ga. Laws 1978, p. 309, § 2[1] provides:

"The amount required to be paid for redemption of property from any sale for taxes as provided in this chapter, or the redemption price, shall be the amount paid for the property at the tax sale, as shown by the recitals in the tax deed, plus a premium of 10 percent of the amount for each year or fraction of a year which has elapsed between the date of the sale and the date on which the redemption payment is made. If redemption is not made until after the required notice has been given, there shall be added to the redemption price the sheriff's cost in connection with serving the notice, the cost of publication of the notice, if any, and the further sum of 10 percent of the amount paid for the property at the sale to cover the cost of

---

[1] This statute was amended in 1983 to become effective January 1, 1984. The amended statute is not applicable to this appeal.

making the necessary examinations to determine the persons upon whom notice should be served. All of the amounts required to be paid by this Code section shall be paid in lawful money of the United States to the purchaser at the tax sale or to his successors."

A threshold requirement under this formula for computing the amount payable for redemption is to determine the amount paid for the property at the tax sale, as shown by the recitals in the tax deed. A review of the record before us discloses an absence of the tax deed itself and no evidence by which it can be determined what amount was paid for the property at the tax sale. As to the other elements of the formula, the record does not contain evidence of the sheriff's cost in connection with serving the notice, or the cost of publication. Therefore, it cannot be said, as a matter of law, that tender was sufficient under OCGA § 48-4-42 (Code Ann. § 91A-436). The trial court erred in granting summary judgment to appellee.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 14, 1984.

*William D. Smith,* for appellant.
*William G. Hasty, Jr.,* for appellee.