## 42982. SOUTHERLAND v. BRADSHAW.
### (339 SE2d 579)

GREGORY, Justice.

This is the second appearance of this case in this court. In *Southerland v. Bradshaw*, 252 Ga. 294 (313 SE2d 92) (1984), we reversed the grant of summary judgment to Bradshaw, and remanded the case to the trial court to determine whether the amount of Bradshaw's tender was sufficient under OCGA § 48-4-42 to redeem property Southerland purchased at a tax sale. On remand, both sides moved for summary judgment solely on the issue of sufficiency of tender. The trial court granted Bradshaw's motion and Southerland appeals.

1. Southerland argues that Bradshaw is not a member of the class of persons entitled to notice of foreclosure of the right to redeem the property under OCGA § 48-4-45. This argument was not raised in the trial court and will not be considered on appeal. *Miness v. Miness*, 254 Ga. 658 (333 SE2d 574) (1985).

2. The correctness of the trial court's ruling turns on the construction to be given to that portion of OCGA § 48-4-42 which provides, "The amount required to be paid for redemption of property from any sale for taxes as provided in this chapter, or the redemption price, shall be the amount paid for the property at the tax sale, as shown by the recitals in the tax deed, *plus a premium of 10% of the amount for each year or fraction of a year which has elapsed between the date of the sale and the date on which the redemption payment is made. . . .*"[1] (Emphasis supplied.)

The tax sale took place on December 2, 1980. On January 19, 1982, Bradshaw mailed a certified check to Southerland reflecting $6,500, as the price recited in the tax deed, plus $650 as a ten percent premium for the year December 2, 1980 to December 1, 1981, with the additional sum of $650 tendered as a ten percent premium for that fraction of a year which elapsed between December 2, 1981 and Janu-

---

[1] We note that OCGA § 48-4-42 additionally requires payment of the sheriff's cost in connection with serving notice, the cost of publication of the notice and a 10% premium to cover the costs of determining upon whom notice should be served. The sufficiency of these amounts is not in dispute in this case.

ary 19, 1982. Southerland disputed this amount, maintaining that under OCGA § 48-4-42 Bradshaw should have tendered $6,500 as the price recited in the tax deed; $650 as the ten percent premium for the period from December 2, 1980 to December 31, 1980; $650 as the premium for the period from January 1, 1981 to December 31, 1981; and $650 as the premium for the period from January 1, 1982 to January 19, 1982.

Southerland points out that OCGA § 1-3-3 specifies the term "year," as used in the Georgia Code, means a calendar year. A calendar year has been held to be the year running from the first day of January through the thirty-first day of December. *Carroll v. Wright,* 131 Ga. 728, (63 SE 260) (1908). However, where from the context of a statute, or otherwise, it appears a different meaning of the term "year" is intended, that meaning will be applied. *Lane v. Tarver,* 153 Ga. 570, 583 (113 SE 452) (1922). The trial court found, and we agree, that by establishing the reference points of OCGA § 48-4-42 as "each year or fraction of a year which has elapsed between the *date of the sale* and the *date on which the redemption payment* is made," the General Assembly has demonstrated its intention to compute the time period for which a ten percent premium is due as a twelve-month year running from the date of sale. Our conclusion is consistent with this court's application of OCGA § 48-4-42 in *B-X Corp. v. Jeter,* 210 Ga. 250 (2) (78 SE2d 297) (1953).

"The intent and purpose of this payment [under OCGA § 48-4-42] is to fully compensate the owner for what he paid plus penalty." *Herrington v. Old South Investment Co.,* 222 Ga. 428 (150 SE2d 623) (1966). One purpose of the ten percent penalty is to make the purchaser whole for the use of his money during the time it is tied up in the property.

In this case thirteen and one-half months elapsed between the date of the tax sale and the date of redemption. Southerland's interpretation of OCGA § 48-4-42 would require the imposition of the ten percent premium for a period equivalent to three years, resulting in a penalty in the amount of thirty percent of the purchase price of the property. We do not think this is what the legislature intended in enacting OCGA § 48-4-42. Rather, we hold that the ten percent premium of OCGA § 48-4-42 applies to each twelve-month year or fraction thereof which begins to run at the date of the tax sale. Therefore, the trial court did not err in granting Bradshaw's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

Decided February 18, 1986.

*William D. Smith, Robert M. Goldberg,* for appellant.

*Roach, Roach & Hasty, William G. Hasty, Jr.,* for appellee.