A96A2474. HOOTEN v. GOLDOME CREDIT CORPORATION.
(481 SE2d 550)

JOHNSON, Judge.

In January 1981, Noreatha Troutman executed a deed to secure debt in favor of Rawleigh's Homes, Inc. conveying 1.08 acres of land

in Taylor County. This security deed was ultimately assigned and transferred to Goldome Credit Corporation. Arthur Hooten purchased the subject land at a sheriff's tax sale in 1993. In 1995, Goldome notified Hooten that it intended to exercise its right of redemption pursuant to OCGA § 48-4-40. Goldome provided Hooten with a quitclaim deed for his signature and an offer to tender payment to Hooten in an amount equal to his purchase price at the tax sale, ten percent appreciation per year, and all property taxes paid on the property by Hooten. Hooten did not respond to the notice, and Goldome initiated foreclosure proceedings. After the foreclosure, Goldome again wrote to Hooten notifying him of the foreclosure and informing him that he was due the redemption price for the property, which would be paid upon his execution and delivery of the quitclaim deed. When Hooten did not respond, Goldome filed a complaint to exercise its right of redemption pursuant to OCGA § 48-4-40, contemporaneously paying the redemption price into the court. The facts were not disputed, and the parties agreed to submit the case to the trial court for decision as a matter of law. After consideration, the trial judge entered judgment in favor of Goldome. The clerk of the court was directed to pay Hooten the funds which had been paid into the registry of the court, and the tax deed at issue was declared null and void. Hooten appeals.

1. "It is the duty of this court on its own motion to inquire into its jurisdiction . . . whether the instant appeal is within the jurisdiction of the Supreme Court, as a case involving title to land. Art. VI, Sec. VI, Par. III (1) of the Ga. Const. of 1983. Cases involving 'title to land,' as that term is used in the Constitution for the purpose of defining the jurisdiction of the Supreme Court, refer to and mean actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land." (Citations and punctuation omitted.) *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230) (1992). Hooten does not seek possession of the land, but seeks only a determination that Goldome has no interest in the land by virtue of a defective security deed in the chain of title. Accordingly, this case is not within the exclusive jurisdiction of the Supreme Court, because it "is not one at law for the recovery of land, either in ejectment or any of its substitutes." (Citation and punctuation omitted.) Id. Compare *Southerland v. Bradshaw*, 252 Ga. 294 (313 SE2d 92) (1984).

2. In two separate enumerations of error, Hooten asserts that the trial court erred in failing to recognize that Goldome lacked standing to bring a redemption action, and in finding that the security deed evidencing Goldome's interest in the property was legal. Because these arguments are two sides of the same coin, we will

address them together.

Hooten's defense to the action below, asserted again on appeal, is that the original deed to secure debt was not executed with the requisite formality. Therefore, he argues, it is ineffective to create any interest in the property which Goldome, as assignee of the grantee, may properly assert in an action for redemption.

It is uncontroverted that Noreatha Troutman signed the deed to secure debt under seal as the buyer/grantor. This alone would constitute a valid deed between the parties. "Despite a statutory requirement that the signature of the maker of a deed must be attested by two witnesses, the requirement relates only to the recordability of the instrument, and a deed may be valid between the parties without attestation." (Citations and punctuation omitted.) *Bramblett v. Bramblett*, 252 Ga. 21, 22 (310 SE2d 897) (1984).

The printed form document states, "[s]igned, sealed and delivered in the presence of" followed by two signature lines denoted as "Witness Signs Here _____." The first line bears the signature of Billy Chambers. On the second line, the printed word "witness" is crossed out and "Notary Public 10/8/84"[1] was inserted by hand, followed by a signature. The deed was recorded in the office of the Clerk of Superior Court of Taylor County. Hooten argues that because the printed word "witness" was excised and the words notary public added by hand, there was only one witness to the deed and it is therefore invalid. We disagree.

A notary is an official witness authorized by statute to witness the execution of deeds. See OCGA § 45-17-8 (a) (1). The original deed at issue did bear the signatures of two witnesses, therefore, and was properly attested as required by OCGA § 44-5-30. Despite Hooten's argument to the contrary, the fact that the notary did not place his official seal on the deed does not defeat the effect of his signature as a witness in his notarial capacity. The deed in question was executed prior to July 1, 1986, and the issue is thus controlled by OCGA § 45-17-6 (a) (2). For these reasons, Hooten's challenge to the validity of the instrument is without merit. The trial court correctly allowed Goldome to redeem the property.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 30, 1997 —
RECONSIDERATION DENIED FEBRUARY 12, 1997 — 

*Roy Miller*, for appellant.

---

[1] The day and year are unclear in the copy of the deed to secure debt included in the record on appeal.

*Westmoreland, Patterson & Moseley, Bradley G. Pyles*, for appellee.