## S09A1295. SULLIVAN v. SULLIVAN.

(684 SE2d 861)

CARLEY, Presiding Justice.

James E. Sullivan (Husband) and Sandra F. Sullivan (Wife) executed an antenuptial agreement and were married in 2001. The face of the agreement shows that a single individual witnessed it, signing it twice, once beside each party's signature. Husband brought this divorce action in 2008, and Wife filed a motion for partial summary judgment, asserting that the antenuptial agreement is unenforceable. After an evidentiary hearing, the trial court entered an order denying that motion and declaring the antenuptial agreement to be enforceable. Wife appeals from the trial court's order pursuant to our grant of her application for interlocutory appeal.

Wife contends that the antenuptial agreement fails to satisfy the requirement of OCGA § 19-3-63 that "[e]very marriage contract in writing, made in contemplation of marriage, . . . must be attested by at least two witnesses." This Court recently held that OCGA § 19-3-63 does not apply to prenuptial agreements settling alimony issues because such agreements are made in contemplation of divorce and, thus, are not considered "in contemplation of marriage." *Dove v. Dove*, 285 Ga. 647 (680 SE2d 839) (2009). However, the antenuptial agreement in this case does not mention either divorce or alimony. See *Anderson v. Anderson*, 274 Ga. 224, 227 (3) (552 SE2d 801) (2001). It was expressly "entered into in consideration of marriage . . . ." Its stated purposes are "to make a fair and adequate provision for [Wife] taking into consideration the age of the parties, the fact that they have separate families and the fact that they have separate estates[,]" and "to define their respective rights in the property of the other, and to avoid such interests which, except for the operation of this Agreement, they might acquire in the property of the other as incidents of their marriage relationship." The only substantive article of the antenuptial agreement provides that certain specified properties are not subject to division and that Husband

> does hereby waive and release all rights, claims, titles and interests, inchoate, or contingent in law and equity he might have by reason of marriage to property [which Wife] owned prior to their impending marriage or has a future interest in, other than property acquired jointly during the marriage. This waiver and release applies to claims that may have otherwise been made during the lifetime of [Wife] or after her death, should she die intestate.

The same language is repeated in a corresponding waiver by Wife of her rights in Husband's property.

We have already held that a prenuptial agreement which, in substantially the same language present here, waives each spouse's rights in the other's property either before or after death is a "marriage contract" pursuant to OCGA § 19-3-62 (b). *Sieg v. Sieg*, 265 Ga. 384, 385-386 (2) (455 SE2d 830) (1995). In *Dove v. Dove*, supra at 648 (3), we recognized that the prenuptial agreement in *Sieg* was "made in contemplation of marriage." Therefore, the antenuptial agreement here necessarily constitutes a "marriage contract in writing, made in contemplation of marriage," which "must be attested by at least two witnesses." OCGA § 19-3-63.

Husband argues that OCGA § 19-3-63 does not apply as between the signatories of a prenuptial agreement. He draws an analogy to the attestation requirement for deeds, which " 'relates only to the record-ability of the instrument, and a deed may be valid between the parties without attestation.' [Cits.]" *Bramblett v. Bramblett*, 252 Ga. 21, 22 (1) (310 SE2d 897) (1984). However, Georgia statutes specifically require attestation as provided by law before a deed or mortgage may be effectively recorded. OCGA §§ 44-2-14 (a), 44-14-39; *Gardner, Dexter & Co. v. Moore, Trimble & Co.*, 51 Ga. 268, 269 (1874). Neither OCGA § 19-3-63 nor any other section of Article 3, OCGA § 19-3-60 et seq., similarly links the attestation requirement to recordation of marriage contracts. In OCGA § 19-3-67, Article 3 separately provides for the recordation of marriage contracts and limits the effect of an unre-corded marriage contract to the parties thereto. *Reinhart v. Miller*, 22 Ga. 402, 415 (3) (1857). Unlike the statutory provisions with regard to deeds and mortgages, Article 3 does not in any manner imply that an unattested marriage contract is effective between the parties. Husband's further reliance upon *Vizard v. Moody*, 119 Ga. 918, 921 (4) (47 SE 348) (1904) is wholly without merit, as that case involved an acknowledgment before a notary, and such an acknowledgment un-surprisingly has not been executed by Wife and, moreover, would "not obviate the necessity of attestation by two witnesses . . . ." 2 Daniel F. Hinkel, *Pindar's Ga. Real Estate Law and Procedure* § 19-56, p. 356 (6th ed. 2004) (accurately explaining *Vizard* and identifying obiter dicta therein).

Because the face of the antenuptial agreement at issue in this case shows that it was not signed by two witnesses and therefore violates OCGA § 19-3-63, the trial court erred in declaring it to be enforceable and in denying the motion for partial summary judg-ment filed by Wife.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009 —
RECONSIDERATION DENIED NOVEMBER 2, 2009.

*Martin L. Fierman*, for appellant.
*Jeremy A. Moulton*, for appellee.