[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12327

Non-Argument Calendar

_____

JOEL D. JOHNSON,

Plaintiff-Appellant,

*versus*

SPECIALIZED LOAN SERVICING, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:20-cv-00161-TCB

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Joel Johnson, proceeding *pro se*, appeals the dismissal of his civil action against Specialized Loan Servicing, LLC ("SLS"), the servicer of a loan Johnson entered into with Bank of America. Johnson's loan was secured by a deed on a piece of property he owned. Johnson brought the case, in which he challenged his impending property foreclosure, in state court. SLS removed it to federal court and successfully moved to dismiss it under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief could be granted.

On appeal, Johnson raises two issues. First, he argues that the district court applied an incorrect legal standard by not construing his complaint liberally and by requiring him to meet the federal pleading standard rather than the more relaxed standard that Georgia uses. Second, Johnson argues that the district court erred in dismissing his complaint because he sufficiently stated claims upon which relief could be granted.

I.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Castro v. Sec'y of Homeland Sec.,* 472 F.3d 1334, 1336 (11th Cir. 2006). Federal Rule of Civil

Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court expressly replaced the "no set of facts" pleading standard established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

Under the *Twombly* standard, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Detailed factual allegations" are not required, but the complaint must contain more than a "formulaic recitation of the elements of a cause of action" or "naked assertions" that are "devoid of further factual enhancement." *Id.*

Before we address the merits of whether the district court erred in concluding that Johnson failed to state a claim upon which relief could be granted, we address two preliminary arguments Johnson makes. First, Johnson argues that the district court erred by not liberally construing his *pro se* complaint. Complaints brought *pro se* are "held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). "[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we

nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted). The liberal construction afforded *pro se* complaints does not mean that we can "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). The district court acknowledged that it was required to liberally construe Johnson's complaint. Still, Johnson's complaint was required to adhere to all procedural rules, including Rule 8(a)(2), Fed. R. Civ. P. And as we explain in addressing the merits, Johnson's complaint failed to satisfy that requirement.

Second, Johnson asserts that the district court should have applied a notice-pleading standard because that is the standard that Georgia state courts apply. But the case was removed to federal court, and the federal pleading standard applies to cases removed to federal court. *See* Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"); *Bilal*, 981 F.3d at 908, 911 (applying federal standard to dismissal of removed case). The district court applied the correct legal standard in dismissing Johnson's complaint. Because the action was removed to federal court, Johnson was required to plead enough facts to state a claim to relief that was plausible on its face.

## II.

21-12327                Opinion of the Court                5

That brings us to the merits.  Johnson argues, for the first time on appeal, that the loan documents were void because the notary failed to include the date of notarization.

We will consider an issue raised for the first time on appeal in only five special circumstances: (1) when the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice, (2) when the appellant raises an objection to an order which he had no opportunity to raise at the lower court level, (3) when the interest of substantial justice is at stake, (4) when proper resolution is beyond any doubt, or (5) when the issue presents significant questions of general impact or of great public concern. *Finnegan v. Comm'r*, 926 F.3d 1261, 1271–72 (11th Cir. 2019). None of these circumstances apply, so we do not consider Johnson's argument about the notary's failure to include the date of notarization.

Moreover, under Georgia law, a deed is valid between the parties, even if it is not witnessed and attested according to statutory requirements, so long as it is signed by the grantor.  *See Hooten v. Goldome Credit Corp.*, 481 S.E.2d 550, 551 (Ga. Ct. App. 1997) (noting that a deed to secure debt was signed by the buyor/grantor, and that "[t]his alone would constitute a valid deed between the parties"); *see also Hoover v. Mobley*, 31 S.E.2d 9, 12 (Ga. Sup. Ct. 1944) ("In the absence of any witness whatever, a deed signed by the grantor is binding between the parties thereto."). Johnson, the grantor, signed the deed, so his claim that the deed was invalid because of an insufficient number of attesting

witnesses fails under Georgia law.  The deed is enforceable against Johnson.

The district court also did not err in dismissing the rest of Johnson's claims.  His claims regarding the loan were conclusory and factually unsupported and, in any event, were directed at the lender Bank of America, who is not a party to the case.  Johnson's claim regarding the failure to provide periodic statements was similarly directed at Bank of America, and he failed to plausibly plead how this alleged failure would entitle him to the relief he requested.  On appeal, Johnson argues that the failure to provide periodic statements concealed the alleged defect in the deed (the notary's failure to include the date).  But the alleged defect was apparent from the face of the deed, so the failure to furnish periodic statements did not conceal it.  *See In re Simpson*, 544 B.R. 913, 920 (Bankr. N.D. Ga. 2016) (failure to include date of acknowledgment on a deed was a patent defect).  In any event, as previously discussed, the failure to include the date of notarization did not render the deed unenforceable against Johnson under Georgia law.  *See Hooten*, 481 S.E.2d at 551.

Accordingly, we affirm.

**AFFIRMED.**